UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| SERVICIOS AEREOS DEL CENTRO S.A. de C.V., | ) ) ) | |
| Plaintiff, | ) ) | 2:03-cv-1993 JWS |
| vs. | ) ) | ORDER FROM CHAMBERS |
| HONEYWELL INTERNATIONAL, INC., a Delaware Corporation, and DALLAS AIRMOTIVE, INC., a Texas Corporation, | ) ) ) ) ) | [Re:   Motion at docket 181] |
| Defendants. | ) ) | |

**I.  MOTION PRESENTED**

At docket 181, the remaining defendant, Dallas Airmotive, Inc. ("Dallas") objects to certain potential testimony by two persons whom plaintiff Servicios Aereos del Centro S.A. de C.V. ("Servicios") plans to call at trial.  The objection is in the nature of a motion *in limine*, and the court will treat it as such.  The motion has been briefed and is ripe for decision.

## II.  BACKGROUND

The dispute in this case revolves around Dallas' repair of three jet aircraft engines which belonged to Servicios.  After Servicios declined to pay Dallas what Dallas claimed was owed for the repairs, Dallas sold the engines in order to apply the sales proceeds to charges for the repair work.  The value of the jet engines is an issue which is disputed.

In its description of testimony which may be elicited at trial, Servicios indicated that Jesus Gaona "may also testify regarding the value of SACSA's engines."[1]  Servicios stated that Charles Evans "may also testify regarding the value of SACSA's engines.  Furthermore, Mr. Evans may also provide expert testimony with respect to determining the value of SACSA's engines."[2]  It is testimony on these topics by Messrs. Gaona and Evans which Dallas asks the court to exclude.[3]

## III.  DISCUSSION

Dallas' motion focuses on the application of Federal Rule of Evidence 702 to the testimony of Jesus Goana and Charles Evans.  However, the court finds that disposition of the motion also requires consideration of Federal Rule of Evidence 701.

---

[1] Plaintiff's Final Witness List, doc. 179 at p. 3.

[2] *Id.* at pp. 3-4.

[3] Doc. 181 at p. 1 ("[Dallas] objects to the potential testimony of Jesus Gaona and Charles Evans as outlined in Plaintiff's Final Witness List with respect to the value of the allegedly converted engines.")

**A. Admissibility of Testimony under Federal Rule of Evidence 701**

Rule 701 reads as follows:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Servicios offers Goana's testimony as lay opinion testimony, not expert opinion testimony. Goana is the Executive President and General Director of Servicios. Servicios argues that his testimony about the value of the engines would be the equivalent of a property owner's testimony about the value of his property. Servicios cites decisions by the Ninth Circuit and state courts in Arizona, Alaska, and Texas which support the proposition that a property owner may offer testimony as to the value of his property.[4] This view is echoed in other sources which the court also finds persuasive. For example, the Advisory Committee Notes which accompany Rule 701 indicate that "most courts have permitted the owner or officer of a business to testify to the value or projected profits of the business, without the necessity of qualifying the witness as an accountant, appraiser, or similar expert."[5] Similarly, in its discussion of Rule 701, a leading treatise indicates that "lay opinion has also been received on a myriad of subjects having to do with the nature or condition of objects. Thus, lay witnesses have been permitted to give opinions as to appearance of objects, condition of an accident

---

[4] *See* cases collected in doc. 185 at n.2 on p. 2

[5] Federal Civil Judicial Procedure and Rules (West 2006 ed.), Advisory Committee Notes regarding 2000 Amendments, at p. 411.

site, value of property or profits . . . and related matters."[6] Dallas has not presented any contrary argument or authority. The court concludes that Mr. Goana may offer lay opinion testimony as to the value of the engines.[7]

Charles Evans was an employee of Servicios for approximately five years ending in 1998, at which time he became a consultant whose primary client was Servicios.[8] Servicios indicates that it may attempt to elicit both lay and expert opinion testimony from Mr. Evans regarding the value of the engines. Unlike Mr. Goana, Mr. Evans is not an officer of the engines' owner. Lay testimony from Mr. Evans would not fall within the ambit of those authorities which allow lay opinion testimony about the value of property on the basis of the owner's familiarity with the value of his own property. It is also noteworthy that Servicios contemplates offering Charles Evans' testimony as expert opinion testimony. As the Advisory Committee Notes indicate, "Rule 701 has been amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing."[9] The court will not permit Charles Evans to offer lay opinion testimony about the value of the jet engines.

---

[6]Wright and Gold, Federal Practice and Procedure: Evidence § 6255 (1997 ed.)

[7]Servicios has not attempted to qualify Mr. Goana as an expert who might offer expert opinion testimony pursuant to Rule 702. He will not be permitted to offer an expert opinion on the value of the engines.

[8]Deposition of Charles Evans, extract attached as exhibit B to doc. 185, at p. 230 of the deposition transcript.

[9]Federal Judicial Procedure and Rules (West 2006 ed.) Advisory Committee Notes regarding 2000 Amendments at p. 411.

**B.  Admissibility of Testimony Under Federal Rules of Evidence 702**

When it would be useful to the trier of fact, Rule 702 allows a qualified witness to offer expert opinion testimony where such testimony is based on sufficient data or facts and results from use of reliable principles and methods which were reliably applied to the facts.  Implementation of Rule 702 requires the district judge to function as a "gatekeeper" who is expected to exclude unreliable expert opinion testimony.[10]  The Federal Rules of Civil Procedure facilitate the discharge of the gate-keeping function by affording parties against whom expert testimony will be offered sufficient advance notice of that testimony to allow them to timely present concerns about its reliability to the court.

With an eye on various pre-trial tasks and concerns, among them the potential need to discharge its gate-keeping responsibility, the court established a schedule for the orderly pre-trial development of this case which included a date for the completion of all lay discovery and a separate later date for the completion of expert discovery.[11]  The date for the exchange of the expert reports was ultimately extended until May 5, 2005.[12]  Thereafter, the court asked the parties to certify that discovery had been completed, and on October 17, 2005, the parties who remained for trial advised the court that all discovery had been completed.[13]  In reliance on the certification, the court set trial to

---

[10] *Daubert v. Merrell Dow Pharaceuticals, Inc.*, 509 U.S. 579 (1993).

[11] Doc. 13.

[12] Doc. 108.

[13] Doc. 142.

commence in April of 2006.[14]  Servicios immediately moved to continue the trial date for several months on the grounds that its trial counsel would be involved in a major felony case which would involve over 400 witnesses.[15]  The court granted Servicios' motion for a continuance, and trial is now set for September 25, 2006.[16]

      Dallas asserts, and Servicios does not dispute, that Mr. Evans was not disclosed as an expert witness.  That means, of course, that Servicios did not provide an expert report from Mr. Evans pursuant to Fed. R. Civ. P. 26(a)(2)(B).  Servicios points out that in its initial witness list filed long before discovery closed, it identified Evans as a person with information about Servicios' damages.  That witness list, however, does not suggest that Evans would be called as an expert.  Prior to the recent filing of the final pre-trial witness list, there had been no suggestion that Mr. Evans would be tendered as an expert witness.   The result is that Dallas has not been given an expert report regarding Mr. Evans' opinion testimony.  Neither has Dallas been given a chance to examine Mr. Evans' credentials and opinions in a context wherein it was understood that Servicios would attempt to qualify him as an expert and in which context Dallas' counsel would have the benefit of a report setting out the basis and reasons for Mr. Evans' opinions, the data he relied on in forming his opinions, and his qualifications as an expert.

---

[14]Doc. 156.

[15]Doc. 157.

[16]Doc. 163.

In light of Servicios' failure to comply with the court's orders and the pertinent provisions of the Federal Rules of Civil Procedure, it will not be allowed to elicit expert opinion testimony from Mr. Evans on the value of the three jet engines.

### IV.  CONCLUSION

For the reasons set out above, the motion at docket 181 is **GRANTED** to the extent that neither Mr. Goana nor Mr. Evans shall be permitted to offer any expert opinion testimony as to the value of the three jet engines, and **DENIED** to the extent that Mr. Goana will be permitted to offer lay opinion testimony as to the value of the three jet engines.

The exclusion of Mr. Evans' expert testimony means that the controversy over his reliance on exhibits 69 and 70 is moot.

DATED at Anchorage, Alaska, this 23rd day of August 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE