**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| **SERVICIOS AEREOS DEL CENTRO S.A. DE C.V.,** | ) | |
| **Plaintiff,** | ) | **2:03-cv-01993-JWS** |
| **vs.** | ) | **ORDER AND OPINION** |
| **HONEYWELL INTERNATIONAL, INC., a Delaware corporation; and DALLAS AIRMOTIVE, INC., a Texas corporation,** | ) | **[Re: Motion for Attorney's Fees at Docket 240]** |
| **Defendants.** | ) | |

## I. MOTIONS PRESENTED

At docket 240 defendant Honeywell International, Inc. ("Honeywell") moves for an award of $43,904.31 in attorney's fees and computerized research costs pursuant to ARIZ. REV. STAT. §12-341.01. The motion is opposed by plaintiff Servicios Aereos del Centro, S.A. de C.V. ("SACSA") at docket 242, and Honeywell's reply is at docket 243. Oral argument was not requested and would not assist the court.

The motion was originally filed in the Court of Appeals, but Honeywell asked that it be transferred to this court. SACSA did not object to the transfer, and the Court of Appeals transferred the motion to this court. The transfer order was filed at docket 236.

## II. DISCUSSION

This court previously awarded Honeywell attorney's fees and computerized research costs totaling $161,011.76[1] related to proceedings which took place prior to SACSA's appeal. The pending request is for attorney's fees incurred subsequently. Arizona law governs the award of attorney's fees in this diversity litigation. Arizona law provides:[2]

> A. In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees. * * * *
>
> B. The award of reasonable attorney fees pursuant to subsection A should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense. It need not equal or relate to the attorney fees actually paid or contracted, but the award may not exceed the amount paid or agreed to be paid.
>
> * * * *
>
> D. The court and not a jury shall award reasonable attorney fees under this section.

In its motion, Honeywell assumes, without discussing, the validity of the proposition that attorney's fees may be awarded pursuant to the preceding statute in connection with an appeal. SACSA does not contend that the statute is limited to trial court proceedings. Allowing an award for appellate proceedings is consistent with the language of the statute, because until conclusion of appellate proceedings, it cannot be said that a claim or defense has been established. The basic legal principles which the

---

[1]Doc. 166.

[2] ARIZ. REV. STAT. §12-341.01.

court must apply in resolving motions seeking an award of attorney's fees were thoroughly laid out in an earlier order[3] and need not be repeated here.

Applying the principles discussed in the earlier order to the present motion, the court first notes that the merits of the appeal taken by SACSA were insubstantial. The court made the same finding regarding the merits of the underlying claims at the trial court level. Settlement is a factor that this court finds has little significance in the context of this case. Next, the court turns to the issue of extreme hardship. A reasonable award of attorney's fees in this case would not impose an extreme hardship on SACSA within the meaning of Arizona case law. The extent to which Honeywell prevailed on the appeal weighs heavily in favor of an award of reasonable attorney's fees. Turning to novelty, the court notes, as it did in the earlier order, that there were no novel legal issues. Finally, the court finds that there is little risk that an award of attorney's fees in a reasonable amount would deter others from taking viable appeals. An award is appropriate.

SACSA does not contend that the hourly rates or the number of hours sought with respect to work on the appeal is unreasonable. SACSA does assert that a substantial amount of the fees sought relate to work not connected to the appeal. In reply, Honeywell concedes that some fees relate to matters other than the appeal, but makes the point that these non-appeal related fees were, nevertheless, a result of the fact that SACSA sued Honeywell. Honeywell asserts that, "A.R.S. § 12-341.01 applies to all attorney's fees, not just attorneys' fees incurred on appeal." Honeywell cites no

[3]Doc. 166.

authority for this proposition. Honeywell's assertion is contrary to the language of the statute which says that an award of fees is meant to "mitigate the burden of the expense of litigation **to establish a just claim or a just defense**."[4] In keeping with the language of the statute, the award will be limited to fees related to the appeal itself.

SACSA's response lists specific blocks of time by date range totaling 81.8 hours which it says represents all the work connected with the appeal shown on Exhibit A to Honeywell's motion.[5] SACSA has computed the total fees charged for the 81.8 hours to be $16,617.50. Honeywell has not provided its own breakdown, but in its reply memorandum, Honeywell does not contest SACSA's allocation, the calculation of 81.8 hours, or the attribution of $16,617.50 in fees to those hours. The court has examined the papers and concludes that SACSA's allocation and calculations are consistent with the underlying documents. The court will award $16,617.50 for attorney's fees.

Honeywell's request also seeks to recover for computerized research costs. This court has already concluded that recovery for computerized research is proper under Arizona law.[6] SACSA asserts that of the total requested for computerized research costs, only $1,306.91 may be attributed to the appeal. Honeywell did not address this proposition in its reply, and the attribution appears reasonable. Honeywell will be awarded $1,306.91 for computerized research costs. When that sum is added to the award for attorney's fees, the total award to Honeywell will be $17,924.41.

---

[4]ARIZ. REV. STAT. §12-341.01 (emphasis added).

[5]Doc. 242 at p. 3.

[6]Doc. 166 at p. 4.

## III. CONCLUSION

Based on the foregoing, Honeywell's motion at docket 240 is **GRANTED in part** and **DENIED in part** as follows:

**IT IS ORDERED THAT**, pursuant to ARIZ. REV. STAT. §12-341.01, Honeywell International Inc. be, and it hereby is, awarded computerized research costs in the amount of $1,306.91 and attorney's fees in the amount of $16,617.50, for a total of $17,924.41 to be paid by plaintiff Servicios Aereos del Centro, S.A. de C.V within 45 days from the date of this order.

DATED this 19th day of September 2008.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE